UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 13-157-DCR |
| V. | ) ) | |
| TIMOTHY ALLEN CATCHING, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant Timothy Allen Catching was sentenced by this Court less than a year ago for possessing with the intent to distribute heroin and possessing a firearm following his conviction to a felony offense.[1]  [Record No. 43]  The defendant is currently serving a term of imprisonment of 105 months for these offenses.[2]  A confidential informant made two controlled buys of heroin from Catching at his place of employment.  When arrested, searches of his person, car, and home revealed a considerable sum of cash, heroin, drug paraphernalia, and a firearm.  Catching was ultimately held accountable for between 292 to 348 grams of heroin at sentencing.

This matter is currently pending for consideration of Catching's motion for a reduction of his sentence in Criminal Action No. 5: 13-157-DCR pursuant to 18 U.S.C. § 3582(c) and for appointment of counsel.  [Record No. 49]  Following additional review of

---

[1]  The Government moved to dismiss Count 1 (distribution of heroin) at the time of sentencing pursuant to the parties' written Plea Agreement. [Record No. 40]

[2]  As discussed below, Catching committed these offenses while subject to supervision for other drug trafficking charges and an escape charge.

-1-

the record, the Court finds that a reduction of the sentence in this matter is unwarranted under the circumstances presented. As a result, both motions will be denied.[3]

The Presentence Investigation Report ("PSR") prepared in advance of the sentencing hearing calculated utilized a Base Offense Level of 26 for purposes of calculating Catching's non-binding range of imprisonment under the United States Sentencing Guidelines (USSG). Under USSG § 3D1.2(c), Counts 2 and 3 were grouped. The calculation for Count 2, which relates to distribution of at least 100 but less than 400 grams of heroin was ultimately used. The Base Offense Level was increased by two levels under U.S.S.G. § 2D1.1(b)(1) because Catching possessed a firearm. However, the government moved for a three-level reduction for his acceptance of responsibility. [Record No. 40] The Court granted this motion, resulting in a Total Offense Level of 25. Based on seven criminal history points, Catching was placed in Criminal History Category IV. As a result, his guideline range was 84 to 105 months.

During the sentencing hearing, the Court considered the serious nature of Catching's drug activity in this case and his possession of a firearm. The Court also considered the defendant's lengthy, drug-related criminal history and drug addiction. Although the

---

[3] Appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

circumstances may have warranted a variance above the guidelines in this case, the Court ultimately determined that a sentence of 105 months was sufficient, but not greater than necessary, to meet the applicable statutory goals and objectives of 18 U.S.C. § 3553.[4]

Based on Amendment 782 to the United States Sentencing Guidelines (effective November 1, 2014), applied retroactively to certain drug offense cases, Catching now asks the Court to reduce his sentence. In reviewing the present motion, the Court again considers, *inter alia*, the seriousness of the crime, Catching's personal history and characteristics, the defendant's acceptance of responsibility and cooperation, and deterrence for future crimes under 18 U.S.C. § 3553.

This Court originally determined that a total term of imprisonment of 105 months was the minimum sentence necessary to meet all statutory considerations. The recent amendment to the drug tables does not alter the Court's conclusion. A reduced term of imprisonment would not provide sufficient punishment for Catching's considerable drug activity. The Court cannot overstate the serious and pervasive nature of Catching's criminal actions, which is further complicated by his own substance abuse. Catching's drug trafficking activity began as a juvenile, as evidenced by his criminal record. Prior drug addiction treatment has been ineffective. Simply put, Catching has not taken advantage of the numerous

---

[4]  At sentencing, the Court had the option of running the term of imprisonment concurrent to, or partially concurrent to, the term of imprisonment imposed for Catching's violations of supervised release in Lexington Criminal Action Nos. 5: 07-46-DCR and 5: 11-30-DCR. *See* U.S.S.G. § 5G1.3(d). Such action would have effectively reduced the total term of imprisonment to be served by the defendant. However, the undersigned determined that such action was not warranted and directed that the term of imprisonment in this action run consecutive to the terms imposed for Catching's violations of supervised release. The sixty-month term of imprisonment imposed for the supervised release violation in Lexington Criminal Action No. 5: 07-46-DCR constituted a variance from the guideline range of 37 to 46 months. However, the Court concluded that the effective term in all cases (168 months) was needed to meet all goals of sentencing. To reduce the term imposed in this action *via* 18 U.S.C. § 3582(c) would undermine this prior determination.

opportunities to change his actions, as evidenced by his behavior following each term of imprisonment he has served. A lesser term of incarceration would wholly fail to provide sufficient specific or general deterrence under these circumstances. Further, a reduced sentence would unduly diminish the seriousness of Catching's criminal conduct.

While the costs of incarceration are substantial, those costs do not overcome the gravity of this offense and other sentencing factors discussed herein. Accordingly, it is hereby

**ORDERED** that Defendant Timothy Allen Catching's motion for relief [Record No. 49] pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

This 23rd day of March, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge